UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDEPENDENCE FEDERAL SAVINGS BANK., <br><br> Plaintiff, <br><br> v. <br><br> MORTON A. BENDER, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:04CV00736 (RMC) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER OPPOSITION TO THE BENDERS' APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Independence Federal Savings Bank ("IFSB") submits this Memorandum of Points and Authorities in further support of its Opposition to Defendant Morton A. Bender and Grace M. Bender's (collectively "Bender") Application for Preliminary Injunctive Relief. IFSB incorporates, by reference, its opposition to Bender's Motion, filed on June 28, 2004, regarding the IFSB Shareholder Rights Agreement. This memorandum briefly addresses the other issues raised in Bender's application.

**ARGUMENT**

The Court should deny Bender's Motion for Preliminary Injunction regarding the setting of the schedule and agenda for IFSB's shareholder meetings for three reasons. First, the IFSB Board of Directors ("Board") has voted, after discussions with its regulator, the Office of Thrift Supervision ("OTS"), to schedule its Annual Meeting of Shareholders for September 29, 2004 ("Annual Meeting"). The Board decided to include on the agenda for the Annual Meeting the election of directors to the Board and a shareholder vote on the proposed Carver transaction. Second, under IFSB's bylaws, the Board has authority to determine the matters to be placed

before the shareholders for a vote at the Annual Meeting. Bender has no right to seek to override the Board's decision in this regard. Third, the shareholders' interests would not be well served by the scheduling of two meetings, as Bender demands.

It is well established that injunctive relief is an extraordinary measure, one that should only be granted when the movant, by a clear showing, demonstrates the need for such a remedy. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The Board's decision to schedule the Annual Meeting for September 29, 2004 eliminates any possible reason for the Court to involve itself in setting the schedule and agenda for IFSB shareholder meetings.

At a June 29, 2004 special meeting of the IFSB Board, the Board voted to schedule the shareholders Annual Meeting for September 29, 2004. Present at a portion of this meeting was a representative of the OTS, who indicated that the OTS had given the matter consideration and recommended that IFSB hold an Annual Meeting prior to the end of the third quarter of 2004 and that the proposed Carver transaction be included on the agenda for this meeting. The IFSB directors who were present, including Mr. Bender's two nominees, Messrs. Hall and Deckelbaum, thereafter voted unanimously to schedule the Annual Meeting for September 29, 2004 (prior to the end of the third quarter), and to include on the agenda for this meeting the election of directors, the ratification of auditors and a vote on the proposed Carver transaction.

In view of the Board's decision to schedule an Annual Meeting for September 29, 2004, a date that will allow an adequate period for OTS review, clearance of proxy materials for the meeting, and sufficient time to solicit shareholder votes, there is no need for this Court to require otherwise. Because authority to determine the matters that it wishes to place on the agenda for the Annual Meeting is committed to the Board's discretion and business judgment, Bender has no basis upon which to interfere.[1] Bender's attempt to usurp the reserved authority of the IFSB

---

[1] *See Article III, Section* 1 of the Bank's Bylaws ("The business and affairs of the savings bank shall be under the direction of its board of directors"); *Article II, Section 2* (providing for an Annual Meeting of shareholders for the election of directors and the transaction of any other business of the bank); *Article III, Section 5* ("Written notice stating the place, day and hour of the meeting *and the purpose for which the meeting is called* shall be delivered . . . by or at the direction of . . . the directors calling the meeting"). *See IFSB's Restated Bylaws* (attached at Exhibit 3 to the Benders' Motion for Preliminary Injunction). Article II, Section 2 of the Bylaws was amended by

Board to decide how to conduct the business of IFSB violates fundamental corporate governance doctrines.[2]  This is especially true in this case, since Bender is openly seeking to set the schedule and agenda for these meetings solely for his own benefit, rather than that of all shareholders.

Clearly, it could not be in the best interests of IFSB shareholders to hold two meetings, as Bender requests, where the business to be taken up can be considered at one meeting.  There would be significant additional cost associated with the holding of two meetings.  Separate meetings would have no business purpose and would only facilitate Bender's illegal goal to seek to gain control over the Board.

In sum, the IFSB Board determined, on June 29, 2004, in active consultation with the OTS, that it will hold an Annual Meeting on September 29, 2004.  Given the pending motions before this Court, the time required to have proxy materials reviewed and approved, and the additional time required to solicit shareholder votes, this date is the best alternative available and the one in the best interest of IFSB shareholders.  Bender will not suffer irreparable harm by this Court's denial of their motion, as the Annual Meeting is now scheduled, and he will have a full opportunity to participate.  Furthermore, the agenda set by the Board includes both issues that the Benders sought to have placed before the shareholders for a vote.  IFSB will suffer unwarranted usurpation of the Board's prerogatives at Bender's instance, as well as monetary losses, if required to schedule two meetings.  Finally, it is not in the public interest to allow a shareholder, especially one trying to gain "effective control" of the Board, to exert control over matters reserved to the Board.

---

the Board on April 6, 2004 and approved by the OTS on May 12, 2004.  *See IFSB Board Minutes*, dated April 6, 2004, at 2-3 and *OTS Letter*, dated May 12, 2004 (attached at Exhibits 50 and 51).

[2]     The IFSB Board has set the date of the Annual Meeting partly in response to its proxy solicitor's advice that a late September meeting would give the greatest number of shareholders an opportunity to participate in corporate democracy.  In a recent Delaware case, *In re THE MONY GROUP, Inc.*, 2004 WL 769817, (Del. Ch. 2004), the Delaware Chancery Court observed that the Board is entitled to significant deference under the business judgment rule when (upon advice from a proxy solicitor) it sets a record date designed to allow a "fuller and fairer" consideration of the matters being voted upon (there, a transaction) by stockholders.  The IFSB Board has determined that holding the meeting on September 29, 2004 best accomplishes this goal.

## **CONCLUSION**

For the foregoing reasons, Bender's motion for a preliminary injunction should be denied.

Respectfully submitted,

<u>/s/ James H. Schropp</u>
James H. Schropp (D.C. Bar No. 185538)
Thomas P. Vartanian (D.C. Bar No. 952671)
Robert H. Ledig (D.C. Bar No. 370989)
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
1001 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C.  20004
(202) 639-7000  Telephone
(202) 639-7003  Facsimile

DATED:  June 30, 2004

546175.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
INDEPENDENCE FEDERAL SAVINGS BANK,  )
                                    )
            Plaintiff,              )
                                    )
    v.                              )
                                    )   Civil Action No. 1:04CV 00736
MORTON A. BENDER, et al.,           )        (RMC)
                                    )
                                    )
                                    )
            Defendants.             )
_____)

**[PROPOSED] ORDER DENYING THE BENDERS' MOTION FOR
PRELIMINARY INJUNCTIVE RELIEF**

Pending before the Court is Defendants Morton Bender and Grace Bender's Application for Preliminary Injunctive Relief. Upon consideration of the memoranda and exhibits filed by the parties, it is hereby

ORDERED that the Motion is DENIED.

_____
UNITED STATES DISTRICT COURT

DATED: June ___, 2004